JONATHAN R. POWELL AND GEORGE W. LAY, EXECUTORS, &C., OF REUBEN LAY, DECEASED, APPELLANTS, *v.* ANNA DEMMING AND OTHERS, RESPONDENTS, AND EMELINE FRISBY, AND GEORGE W. LAY, AND RAYMOND LAY, ADMINISTRATOR, APPELLANTS.

*Will—when an action to obtain a construction thereof will not lie.*

Executors and trustees can only maintain an action to obtain a construction of a will in those cases in which some continuing duty—some trust which requires and will require action for some time to come—is imposed upon them thereby.

The fact that an executor is about to close up the estate, and that the parties interested therein do not agree as to the construction to be given to certain provisions of the will, and as to the distribution of the property thereunder, does not authorize the executor to maintain an action to obtain a construction of the will; such questions should be raised and settled upon his final accounting before the surrogate.

APPEAL from portions of a judgment entered upon the trial of this action, by the court without a jury. The action was brought by the executors of Reuben Lay, deceased, to obtain a judicial construction of certain portions of his will.

The will contained among others the following provisions :

" SECOND.—On the decease of both my said sisters, Polly and Lucinda, I direct my executors, hereinafter named, to distribute my said property according to the following bequests, viz. :

" *First.*—I devise and bequeath to my nephew, George W. Lay, and my niece, Emeline Frisby, wife of Lewis Frisby, my said dwelling-house and farm, with their appurtenances, now occupied by me, and situated in Chatham, together with all the vehicles, stock and implements, and everything, of whatever name or nature, appertaining thereto, connected with my farm and household, share and share alike.

" *Second.*—I give and bequeath to my niece, Maria Peck, wife of Ralph Peck, and to my niece, Ann Demming, wife of Frederick Demming, and to my nephew George Brown, and to my said nephew's son, George Brown, Jr., he having had the misfortune to have lost a leg, and to my nephew, Solomon Ferguson, and to Frank Lay, the youngest son of my nephew, George W. Lay, each and severally, the sum of five hundred dollars apiece, and to my nephew, Addison Lay, the sum of two hundred dollars.

" *Third.*—I give and bequeath to the above-named legatees, share and share alike, all the residue of my estate, real, mixed or personal, of which I shall die seized and possessed, or to which I shall be entitled at the time of decease."

That questions as to the construction of the will, which the parties sought to have decided, were the following :

" *First.*—Do the following articles, mentioned in the inventory, pass under the first subdivision of the second clause of said will to George W. Lay and Emeline Frisby, therein named, or do they pass, under the residuary clause contained in the third subdivision of the second clause of said will, to the legatees therein mentioned?

| | |
|---|---:|
| One silver watch, . . . . . . | $5.00 |
| One county map, . . . . . | 3.00 |
| One double-barrel gun, . . . . | 10.00 |
| 120 pieces barn siding, . . . . . | 20.00 |
| Planks and boards, 200 ft., . . . . | 5.00 |
| Lot of old cider-mill plank, . . . . | 4.00 |

| | |
|---|---:|
| 300 ft. oak joist and cart-body timber, . | $9.00 |
| 80 bushels corn in the ear, . . . . | 80.00 |
| Planks and boards, side of wall, . . . . | 3.75 |
| 50 ft. joist, in carriage-house, . . . | 1.50 |
| Lot of old lumber, . . . . . | 1.00 |
| Lot of dressed floor plank, . . . . | 1.80 |
| 420 ft. pine boards, . . . . . | 10.00 |
| Ox yoke timber, 3 planks, &c., . . . | 2.00 |
| 100 bushels rye, in barn, . . . . | 110.00 |
| 150   "   oats,   "   . . . . | 90.00 |
| 3 tons rye straw, at $18, . . . . | 54.00 |
| 2  "  oat  "  " $15, . . . | 30.00 |
| 12  "  hay in barn, at $20, . . . | 240.00 |
| 5  "  "  and stalks in shed, . . . | 75.00 |
| 3  "  "  "  "  " carriage house, . | 45.00 |
| 2 stacks hay in upper meadow, . . | 105.00 |
| 1  "  "  " lower  " . . | 45.00 |
| 20 bushels potatoes in cellar, 50c., . . | 10.00 |
| 750 lbs. pork in bbls. in cellar, at $9, . | 67.50 |
| 6 acres rye on ground, . . . . | 60.00 |
| 1 ash log, near road, . . . . . | 2.00 |
| Total, | $1,089.55 |

"That all of said articles were, as plaintiffs are informed and believe, upon the said testator's farm, or appertaining to, or connected with it, or with his household, at the time of his death.

"*Second.*—Do all of the legatees named in said will, and their personal representatives, share in the benefit of the residuary clause contained in said will, or are the representatives of Lucinda Lay and Mary Lay (sometimes called Polly Lay) to be excluded from sharing in the benefit of said clause, or are George W. Lay and Emeline Frisby to be excluded from sharing in the benefit of said clause?"

*Wilson M. Powell*, for the plaintiffs, appellants.

*Esselstyn & Whitbeck*, for Raymond Lay, administrator.

*C. P. Collier*, for the defendant, Brown.

*J. W. Rider*, for Frisby and George W. Lay.

*William H. Willits*, for defendant, R. Peck.

*McClellan & Brown*, for defendant, S. Wilbor, executor.

PER CURIAM :

We see nothing which justifies the plaintiffs in having brought this action. The matter relates merely to the division of money among those claiming it. In regard to the rye, oats, &c., there is no allegation that these exist *in specie*. Whatever the executors have to divide must be in money or its equivalent.

There is no continuing trust. Nothing is to be done but to distribute the property. This is a matter properly within the control of the surrogate on the final accounting ; proceedings for which had been instituted before this action was commenced.

Executors are not to be permitted to bring such a suit as this on the pretense that a construction of the will is needed. Of course, in one sense, a construction of the will is required whenever an executor settles his accounts. But certainly it is not to be allowed that an action for the construction of the will may be brought whenever an executor is about to account and the parties interested do not agree. It is when there is some continuing duty, some trust which requires and will require action for some time to come, that executors or trustees may bring an action to obtain a construction of a will ; that is, to obtain advice as to their duty. Such suits are not to be encouraged. They burden the estate with costs. That has been the case here. The costs amount to more than $970, to be paid out of the estate. While, if the matter had been brought up on the accounting before the surrogate it could have been disposed of quickly and with little expense.

It is the duty of courts to scrutinize such actions as this. Where all the costs are to be paid out of the fund, or the estate, there is great liberality among opposing counsel. The extra allowances in this case reach $550.

We think that the court should have refused to entertain the

action. It must be remembered that an action of this kind is, in a certain sense, discretionary. It is one where, out of favor to trustees or sometimes to *cestuis que trust*, the court will give advice instead of granting a remedy. Such actions should not be extended to unnecessary instances. We think the present action unnecessary and improper. If the defendants had taken that position the complaint should have been dismissed with costs. As they did not do so, but themselves encouraged the litigation, the complaint should now be dismissed without costs to any party in this court or in the court below.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment reversed and complaint dismissed, without costs to any party.